[No. 19304.    Department Two.—February 6, 1894.]

NORA McCARTNEY, RESPONDENT, v. LUCIUS DEN-
NISON ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—DESCRIPTION OF PROPERTY—VARIANCE BE-
TWEEN COMPLAINT AND DECREE—CERTAINTY.—Where the description
of mortgaged premises in the complaint of foreclosure describes the
property as "the south quarter of the east half of the north half of the
northeast quarter of section 18" of a certain township and range, "con-
taining ten acres of land," and "also the six acres of land having the
same length east and west, being of uniform width north and south,
and lying immediately south of and adjoining the first above-described
parcel," the whole parcel being "eighty rods in length from east to
west, and thirty-two rods in width from north to south," and the de-
scription in the decree describes it as "the south ten acres of the north-
east quarter of the northeast quarter, and the north six acres of the
southeast quarter of the northeast quarter of section 18," of the same
township and range stated in the complaint—the two descriptions de-
scribe exactly the same piece of land, and the description in the decree
is not void for uncertainty.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion of the court.

*E. C. Bower*, for Appellants.

*D. K. Trask*, for Respondent.

McFARLAND, J.—This was an action to foreclose a
mortgage, and defendants appeal from a judgment in
favor of plaintiff.

The appeal is taken upon the judgment-roll alone,
which shows merely the complaint, demurrer thereto,
and the judgment. The only point made is, that the
description of the mortgaged premises in the decree is
different from that set forth in the complaint. The
description in the complaint, after giving the county
and state, is as follows: "The south one-fourth (¼) of
the east one-half (½) of the north one-half (½) of the
northeast one-fourth (¼) of section 18" of a cer-
tain township and range, "containing ten (10) acres
of land. Also the six (6) acres of land having the

same length east and west, being of uniform width north and south, and lying immediately south of and adjoining said first above-described parcel, the whole parcel contained in both said descriptions being eighty rods in length from east to west, and thirty-two rods in width from north to south." The description in the decree is as follows: " The south ten acres of the northeast quarter of the northeast quarter, and the north six acres of the southeast quarter of the northeast quarter of section eighteen (18)" of the same township and range as stated in the complaint. These two descriptions describe exactly the same piece of land. The only plausible objection that can be made to the descriptions is, that such terms as " south one-fourth" and " south ten acres" are not usually applied in United States government surveys to legal subdivisions. Under that system " quarter" is used to designate a square piece of land, as the " southeast" or the " northeast" quarter; but while the description in question is not ordinarily used by the government in patents of land, there is no reason why it is not sufficient in conveyances between private persons. The south quarter of a piece of land bounded by parallel lines running north and south, and east and west may be ascertained as well as the south *half*, which *is* used as a government subdivision. If the land, the south quarter of which is covered by the mortgage, had been a city lot, or some other tract of land that had never been known as a government legal subdivision, we apprehend that no one would have questioned the sufficiency of the description; but the fact that the whole piece of which the south quarter is conveyed happens to have been a government subdivision can make no difference. The description is clearly not void for uncertainty. Appellant's assertion that " the description in the decree should follow the complaint" means only that the land described in the decree should be the same as that described in the complaint.

Judgment affirmed.

De Haven, J., and Fitzgerald, J., concurred.